UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ANTHANY KADEN,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DOOLEY, Warden,<br>and MARTY JACKLEY, Attorney General,<br><br>Defendants. | 4:14-CV-04072-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTION TO DISMISS |

Petitioner Anthony Kaden filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Doc. 1. Kaden also moved for a hearing on his petition. Doc. 11. Respondents Robert Dooley and Marty Jackley (the State) moved to dismiss Kaden's petition, arguing that it is time barred. Docs. 6, 7. Because Kaden's petition is untimely under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA), this Court grants the State's motion to dismiss and denies Kaden's motion for a hearing.

I.  **Procedural Background**

On August 29, 2006, Kaden was convicted of possession of child pornography and sentenced to eighty years in prison. Doc. 7-1. Kaden appealed to the Supreme Court of South Dakota, which affirmed the conviction on April 30, 2007.[1] Doc. 7-2. Kaden then filed motions to reduce his sentence on August 30, 2007, Doc. 7-3, and October 12, 2007, Doc. 7-4. A circuit

---

[1] The order affirming Kaden's judgment was filed in the Supreme Court of South Dakota on April 30, 2007, although it was not filed in the Third Judicial Circuit of South Dakota until May 23, 2007. Even using the later date, Kaden's AEDPA time for filing would have expired.

1

court judge denied Kaden's motion on October 17, 2007. Doc. 7-5. Kaden filed additional motions to reduce his sentence on December 19, 2007, Doc. 7-6, and April 30, 2008, Doc. 7-7, which a circuit court judge denied on May 6, 2008, Doc. 7-8. Kaden moved once more to reduce his sentence on August 22, 2008. Doc. 7-9. A circuit court judge informed Kaden in a letter dated that same day that Kaden had directed his motion to the wrong judge. Doc. 7-21.

Kaden filed a state court petition for a writ of habeas corpus on October 15, 2008, claiming that his sentence was cruel and unusual and that his trial counsel had been ineffective. Doc. 7-10. At some point thereafter, attorney Manuel de Castro began representing Kaden and filed an amended petition on his behalf. Doc. 7-11 at 29. A circuit court judge held a hearing and filed a decision on May 14, 2010, denying Kaden's petition. Doc. 7-11 at 1–11. Findings of fact, conclusions of law, and an order denying Kaden's petition were filed on June 11, 2010. Doc. 7-11 at 12–17, 29. A circuit court judge granted Kaden a certificate of probable cause with respect to his ineffective assistance of counsel claim on July 7, 2010, and Kaden appealed. Docs. 7-12, 7-13. The Supreme Court of South Dakota affirmed the circuit court judge's denial of Kaden's petition on March 8, 2011. Doc. 7-14.[2]

Kaden, acting pro se, filed a second state court habeas petition on December 20, 2012. Doc. 7-15. This petition consisted entirely of frivolous claims, including that South Dakota is a corporation rather than a state, that South Dakota state courts "are all under the control of the federal Legislative court system," and that South Dakota has no jurisdiction over him because he is a "stateless private human being." Doc. 7-15. Kaden's second state court habeas petition was denied on April 4, 2013, because it was untimely, successive, and failed to state a claim for

---

[2] The filing stamp on this order records that it was filed in the Supreme Court of South Dakota on March 8, 2011, although it was not filed in the Third Judicial Circuit of South Dakota until March 30, 2011. Again, using the later date would not make Kaden's federal habeas petition timely.

2

relief. Doc. 7-16. Kaden applied for a certificate of probable cause on May 31, 2013. Doc. 7-17. A circuit court judge denied Kaden's application on July 18, 2013, for being untimely and meritless. Doc. 7-18. Kaden filed a motion to appeal on August 15, 2013, Doc. 7-19, which the Supreme Court of South Dakota dismissed on August 27, 2013, Doc. 7-20.³ On May 8, 2014, Kaden filed his § 2254 petition in this Court. Doc. 1.

## II.     Statute of Limitations

Kaden's § 2254 petition is governed by AEDPA, which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). Generally, this one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). When, as here, a prisoner appeals his judgment to the state court of last resort but does not file a petition for a writ of certiorari with the Supreme Court of the United States, "the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system." King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012); see also Sup. Ct. R. 13; Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). Accordingly, Kaden's conviction became final on July 29, 2007, 90 days after the Supreme Court of South Dakota's April 30, 2007 order. The AEDPA statute of limitations began running on July 30, 2007, which gave Kaden until July 29, 2008, to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(1)(A) (excluding date of event that triggers time period from calculation); Wright v. Norris, 299 F.3d 926, 927 n.2 (8th Cir. 2002) (noting that Federal Rule of Civil Procedure 6(a) governs calculation of AEDPA time limits). Because

---

³This order is stamped as being filed in the Supreme Court of South Dakota on August 27, 2013, but was not filed in the Third Judicial Circuit of South Dakota until September 23, 2013. Again, this time difference does not matter to the conclusion that Kaden's AEDPA period for filing expired.

3

Kaden did not file his federal habeas petition until May 8, 2014, his petition is time barred unless he is entitled to statutory or equitable tolling.

The record shows that Kaden is entitled to some statutory tolling, but not enough to make his petition timely. Section 2244(d)(2) tolls the AEDPA statute of limitations for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." However, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). By the time Kaden filed his first motion to reduce his sentence on August 30, 2007, 31 days of the AEDPA statute of limitations had run. Assuming generously that the statute of limitations was tolled for the entire period during which Kaden filed his several motions to reduce his sentence,[4] see Jackson v. Weber, No. CIV 11-3001-RAL, 2012 WL 6651912, at *2 (D.S.D. Dec. 20, 2012), the AEDPA clock began running again on August 23, 2008, the day after Kaden's final motion for a reduction of sentence was denied. An additional 53 days of the statute of limitations elapsed before Kaden filed his first state court habeas petition on October 15, 2008.[5] Kaden's petition became final on March 8, 2011, thereby triggering the running of the AEDPA clock for a third time. At that point, Kaden had 281 days, or until December 15, 2011, to file a timely federal habeas petition. But December 15, 2011 came and went without Kaden taking any action. Although Kaden filed a

---

[4]The State does not contend that the clock ran during this period and "assumes for the sake of argument" that the clock did not begin running until the resolution of Kaden's final motion for a reduction of sentence. Doc. 7 at 5. Whether the AEDPA clock ran for some of the time between August 30, 2007, and August 22, 2008, is inconsequential, as even assuming that this entire time period was tolled, Kaden is still well over the one-year period.

[5]Fifty-three days is the correct number for the purposes of AEDPA as both August 22, 2008, and October 15, 2008, are excluded from this calculation. See Windland v. Quarterman, 578 F.3d 314, 317 (5th Cir. 2009) (interpreting 28 U.S.C. § 2244(d)(2) and holding that "a state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved.").

4

second state court habeas petition on December 20, 2012. This did not extend the already-expired limitations period under AEDPA. Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003) (holding that statute of limitations was not tolled by state court application for collateral review filed after the limitations period had expired). Thus, unless Kaden is entitled to equitable tolling, his federal habeas petition is time barred under AEDPA.

Kaden is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Kaden does not specifically argue that the statute of limitations should be equitably tolled. He does allege, however, that he had difficulty obtaining post-conviction counsel and that after his first state court habeas petition was denied, de Castro refused to respond to him and delayed returning his case file. Doc. 9 at 1, 3. Even if these matters are true, Kaden has failed to explain why he was unable to file his federal habeas petition until more than three years after his first state court habeas petition became final. Although Kaden raised many frivolous grounds for relief in his federal habeas petition, he set forth at least some colorable and cognizable constitutional claims, including Ground Two (claiming a Fourth Amendment violation because a police officer allegedly entered Kaden's residence without his consent), Ground Three (claiming a Fifth Amendment violation by duplication of charges against him), Ground Four (claiming that an eighty-year sentence for possession of child pornography was cruel and unusual under the Eighth Amendment), and Ground twenty-four (claiming a Sixth Amendment violation because he was not allowed to confront the children in the videos and pictures he possessed). Doc. 1. Because Kaden was present during the search of his residence, his guilty plea, his sentencing, and the hearing on his first state court habeas petition, he was

aware of the factual bases upon which he claims entitlement to habeas relief in federal court. Indeed, Grounds Two and Four were litigated in Kaden's first state court habeas case.[6] As such, de Castro's retention of Kaden's file and refusal to communicate with Kaden did not prevent Kaden from timely filing his federal habeas petition. See Lloyd v. Van Natta, 296 F.3d 630, 633–34 (7th Cir. 2002) (per curiam) (petitioner's lack of access to transcript did not entitle him to equitable tolling where he was present at trial and knew the basis of his habeas claim). The obstacles Kaden faced to filing his federal habeas petition are not unique to him and are certainly not "extraordinary" under Eighth Circuit precedent. See Jackson v. Ault, 452 F.3d 734, 736–37 (8th Cir. 2006) (holding that the need for post-conviction counsel was not an extraordinary circumstance); Sellers v. Burt, 168 F. App'x 132, 133 (8th Cir. 2006) (per curiam) (rejecting claim that counsel's failure to communicate with prisoner and send his case file constituted an extraordinary circumstance); Jihad v. Hvass, 267 F.3d 803, 806–07 (8th Cir. 2001) (finding that an unsuccessful search for post-conviction counsel and the lack of access to a trial transcript were not extraordinary circumstances); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (holding that lack of access to trial transcript did not warrant equitable tolling). Accordingly, Kaden is not entitled to equitable tolling.

## III. Conclusion

For the reasons stated above, it is hereby

ORDERED that Kaden's petition for a writ of habeas corpus, Doc. 1, is denied. It is further

---

[6]Although Kaden's first state court petition for habeas corpus did not explicitly raise the Fourth Amendment argument as a ground for relief, Kaden did allege that his trial counsel was ineffective because he did not file a motion to suppress. Kaden asserted that his trial counsel should have filed a motion to suppress because Kaden never consented to the police officer entering his residence. Doc. 7-11 at 7. The state court disagreed, finding that Kaden had consented to the officer entering his home. Doc. 7-11 at 8.

6

ORDERED that the State's motion to dismiss, Doc. 6, is granted. It is further

ORDERED that no Certificate of Appealability be issued. It is further

ORDERED that Kaden's motion for a hearing, Doc. 11, is denied as moot.

DATED this 16th day of December, 2014.

                              BY THE COURT:

                              ROBERTO A. LANGE
                              UNITED STATES DISTRICT JUDGE